**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:26-cv-80485-DMM

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

STEVEN MERRITT, and

GINA MERRITT,

Defendants.

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND OTHER RELIEF**

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Relief ("Complaint") in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Commission and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, by making false or misleading income representations.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts

necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

A. "**Defendants**" means all of the Individual Defendants, individually, collectively, or in any combination.

B. "**Individual Defendants**" means Steven Merritt and Gina Merritt.

C. "**Business Venture**" means any written or oral business arrangement, however denominated, whether or not covered by 16 C.F.R. Part 437, that consists of the payment of any consideration for the right or means to offer, sell, or distribute goods or services (whether or not identified by a trademark, service mark, trade name, advertising or other commercial symbol). The definition of "Business Venture" includes Multi-Level Marketing Programs.

D. **"Downline"** means the collection of persons under a participant in a Multi-Level Marketing Program's organizational hierarchy or structure used for determining compensation. This includes the participants or other individuals whom a participant has personally recruited ("first level"), any participants and other individuals recruited by those in the first level ("second level"), any participants and other individuals recruited by those in the second level ("third level"), and so forth, however denominated.

E. "**Earnings**" means gross or net sales, income, profit, appreciation, or other financial gain, such as bonuses, commissions, or free travel.

F. "**Merritt Enrollee**" means any LifeWave Brand Partner who purchased a Brand Partner Enrollment Kit and is within Steven and/or Gina Merritt's Downline as of the date of entry of this Order.

G. "**Multi-Level Marketing**" means any plan or program in which a Participant has the right to (1) recruit others into the program or have others placed in the Participant's Downline and (2) receive payment or other compensation that is based, in whole or in part, upon purchases, sales, or any other activities of the Participant's Downline.

H. "**Participant**" means any person who participates in any Business Venture, including but not limited to, any person who is a LifeWave Brand Partner.

## ORDER

### I. PROHIBITION AGAINST MISREPRESENTATIONS AND UNSUBSTANTIATED CLAIMS

IT IS ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or operating of any Business Venture, are permanently restrained and enjoined from:

A. Misrepresenting or assisting others in misrepresenting, expressly or by implication, including through images of homes, vehicles, purchases, or travel, and through discussion of lifestyle changes or activities tied to compensation from the Business Venture:

1. That Participants will or are likely to make or receive Earnings, or will or are likely to make or receive any particular level or amount of Earnings;

2. The amount of Earnings that Defendants or other Participants have actually earned;

3. The reason Participants do not earn substantial compensation; or

4. Any other fact material to consumers concerning the Business Venture, such as: the total costs to participate; any material restrictions, limitations, or conditions; or any material aspect of the Business Venture.

B. Making any representation, expressly or by implication, regarding the amount of Earnings that a Participant can expect to earn unless:

1. the representation is non-misleading.

2. at the time such representation is made, Defendants have in their possession written materials that substantiate the claimed Earnings and that the claimed Earnings are typical for Participants; and

3. Defendants make such evidence available upon request to any Participant, any individual who expresses interest in becoming a Participant, and to the Plaintiff.

## II. NOTICE TO PARTICIPANTS CONCERNING ORDER PROHIBITIONS

IT IS FURTHER ORDERED that, within 7 days of entry of this Order, Defendants must email notice in the form shown in Attachment A to all Participants in their Downline who are Merritt Enrollees. The email notice must use the subject line "Notice to LifeWave Participants." Defendants must send the email from an email address that Defendants regularly use to communicate with their Downline, and make commercially reasonable efforts to leverage technologies to ensure the deliverability of emails (for example, but not limited to, SPF, DKIM, and use of sending IP addresses with known good reputations). No other information shall be included in or added to the notice required by this Section, nor shall any other materials be transmitted with the notice.

## III. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 3 years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IV. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1. Each Defendant must: (a) identify the primary physical, postal, and email

address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, each Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Merritt, 2523134.

**V. RECORDKEEPING**

IT IS FURTHER ORDERED that Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, each Individual Defendant for any business that such Defendant, individually or collectively with any other

Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. all records necessary to demonstrate full compliance with each provision of this Order, including substantiation for any claims regarding Earnings made by or on behalf of Defendants; and

E. a copy of each unique advertisement or other marketing material.

## VI. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission to

interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## VII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

## VIII. Conclusion

The Clerk shall CLOSE this case and all pending motions are DENIED AS MOOT. [1]

**SIGNED** in Chambers at West Palm Beach, Florida, this 30th day of April, 2026.

Donald M. Middlebrooks
United States District Judge

Copies to: Counsel of Record

[1] The signature lines on the following page are blank, however, the signatures appear in the record at DE 4-1 at 10.

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**FEDERAL TRADE COMMISSION**

______________________________ Date: ______________________

Melissa L. Dickey
Claire Wack
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington DC 20580
(202) 326-2662
(202) 326-2846
mdickey@ftc.gov
cwack@ftc.gov

**FOR DEFENDANTS STEVEN AND GINA MERRITT:**

______________________________

Timothy K. Halloran
Sydney Hall
Bradley Arant Boult Cummings LLP
1900 K Street NW, Suite 800
Washington, DC 20006
(202) 719-8256 (Halloran)
(205) 521-8839 (Hall)
thalloran@bradley.com
snhall@bradley.com

**DEFENDANTS:**

______________________________

Gina Merritt

______________________________

Steven Merritt

**ATTACHMENT A**

**<u>Notice to LifeWave Participants</u>**

Our records indicate that you may be a current or former LifeWave Brand Partner who was part of our downline. We reached an agreement with the Federal Trade Commission (FTC), the nation's consumer protection agency, regarding allegations that we made misleading representations about how much money LifeWave participants could earn.

Without admitting or denying these allegations, we reached an agreement with the FTC to resolve this matter. As part of the agreement:

- we must not make any misleading earnings claims about LifeWave or a similar opportunity,
- we must have evidence for any earnings claims we do make, and
- we must make that evidence available to actual or prospective LifeWave participants upon request.

Additional information about the settlement agreement is available on the FTC's website [words "FTC's website" to be hyperlink to either case page or press release for this matter – exact URL to be provided by FTC staff].